**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Taylor, on behalf of the Estate of Steven Thomson; Thomas Thomson, an individual; and Kayci Thomson, an individual,<br><br>        Plaintiffs,<br><br>vs.<br><br>Zurich American Insurance Company; Zurich American Insurance Company of Illinois,<br><br>        Defendants. | No. CV 11-8110-PCT-JAT<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss filed by Defendant Zurich American Insurance Company of Illinois ("Zurich of Illinois"). (Dkt. 8.) Zurich of Illinois moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint improperly names Zurich of Illinois as a defendant. (*Id.*) Co-Defendant Zurich American Insurance Company ("Zurich American") answered the Complaint, and does not join in the motion. The motion is fully briefed, and the Court now rules as follows.

**I.    BACKGROUND**

On May 11, 2011, Plaintiffs filed a complaint in the Superior Court for Mohave

1  County, Arizona against Zurich American and Zurich of Illinois. (Dkt. 1-1, Ex. A.) The
2  Complaint was subsequently removed by Defendants to this Court. (Dkt. 1.) The Complaint
3  relates to the denial of a claim for Accidental Death Benefits filed by Plaintiff Thomas
4  Thomson following the death of his father. Throughout the Complaint, Plaintiffs refer to
5  Zurich American and Zurich of Illinois collectively as "Zurich" or "Defendant." (*See*
6  *generally* dkt. 1-1.) Additionally, the Complaint does not set forth separate claims for relief
7  against each defendant (*Id.*)

8  The Group Accident Policy at issue was attached to Zurich American's Answer.[1]
9  (Dkt. 7-1.) The Group Accident Policy was issued by Zurich American to YRC Worldwide
10 Inc., as Policyholder, on January 1, 2009, as Policy No. GTU 0030578 (the "Plan"). (*Id.*)
11 Zurich of Illinois's name does not appear anywhere in the Plan.

12 Contrary to Plaintiffs' allegations (dkt. 1-1 at ¶ 4; dkt. 12 at p. 4), Zurich American
13 is a corporation organized under the laws of New York with its principal place of business
14 in Illinois. Zurich of Illinois is a corporation organized under the laws of Illinois with its
15 principal place of business in Illinois (dkt. 1 at ¶¶ 6–7).

16 As exhibits to the Complaint, Plaintiffs attached copies of letters sent by Zurich
17 American to Plaintiff Thomas Thomson.[2] (Dkt. 1-1 at Ex. 1–2, 4, 8.) The letters were sent
18 from different addresses in either New York or Illinois "on behalf of" Zurich American. (*Id.*)
19 Plaintiffs also refer the Court to Zurich of Illinois's corporate disclosure, in which Zurich of
20 Illinois is identified as a wholly-owned subsidiary of Zurich American. (Dkt. 2.) Given
21 these purported "ambiguities, Plaintiffs remain concerned that the employees of Zurich of
22 Illinois may have investigated, examined, evaluated or been involved in denial of benefits

---

[1] The parties agree that life insurance policy may be incorporated by reference into the Complaint without converting the Motion to Dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Van Burskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

[2] According to the Federal Rules of Civil Procedure: "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

under the [Plan]."  (Dkt. 12 at p. 4.)

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8.  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than blanket assertions will not suffice.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949.  Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, the Court does not have to accept as true a legal

conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz*, 234 F.3d at 435.

## III. ANALYSIS

Zurich of Illinois moves to dismiss the Complaint with prejudice on the grounds that Plaintiffs have mistakenly and incorrectly named Zurich of Illinois as a defendant, because Zurich of Illinois did not issue the Plan and has no connection to the Plan. (Dkt. 8 at p. 2.) Even though Zurich of Illinois is not explicitly named in the Plan or in correspondence regarding the claim for benefits, Plaintiffs contend that it is plausible that Zurich of Illinois was involved on some level, unless otherwise demonstrated through discovery. (Dkt. 12 at p. 5.) Contrary to Plaintiffs' contention, the Court finds that the factual allegations in the Complaint do not raise the right to relief above a speculative level. *See Twombly*, 550 U.S. at 555.

Zurich of Illinois did not issue or insure the Plan. (Dkt. 7-1.) In fact, the Plan clearly states that it was issued by "Zurich American Insurance Company." (*Id.* at pp. 1, 7 & 22.) Plaintiffs do not argue otherwise. Defendants direct the Court to two cases in which district courts dismissed claims for benefits against insurance companies where the companies had no connection with the plans. *E.g.*, *Fershtadt v. Verizon Commc'ns Inc.*, No. 07 Civ 6963(CM), 2010 WL 571818, at *8 (S.D.N.Y. Feb. 9, 2010) (stating that "[i]f Unum is not named as the plan administrator or a plan trustee and does not fund the plan, it is not a proper party to this action"); *Cortez v. Prudential Ins. Co. of Am.*, No. CV 08-315, 2008 WL 4372638, at *5–6 (W.D. Mich. Sept. 19, 2008) (noting that Cortez conceded that Prudential was not a proper party, because "the group life insurance contract is no longer in force and Prudential is no longer involved with the Plan, thus, Prudential cannot provide coverage or benefits to Cortez"). In their response, Plaintiffs attempt to distinguish these two cases on the grounds that the defendants were distinctly different entities; whereas, Zurich of Illinois is a subsidiary of the named policy insurer, Zurich American. However, Plaintiffs fail to cite any authority for the proposition that a contractual relationship is automatically imputed upon a subsidiary when a parent company issues an insurance policy.

Defendants reply by citing to cases in which affiliated corporations were dismissed, because the corporate relationships did not create contractual relationships with the plaintiffs. *E.g.*, *Sandalwood Estates Homeowner's Ass'n v. Empire Indem. Ins. Co.*, 665 F. Supp. 2d 1355, 1360 (S.D. Fla. 2009) ("While Zurich is the parent company of both of the subsidiary insurance companies, there are no allegations in the instant case that Zurich took over the policy issued by Empire or that Empire had come to be known as Zurich."); *Cecilia Schwaber Trust Two v. Hartford Accident & Indem. Co.*, 437 F. Supp. 2d 485, 489 (D. Md. 2006) (stating that "[a]s a general rule, a contract cannot be enforced by or against a person who is not a party to it," and finding that "[t]he five affiliates of Hartford are not parties to the insurance policy covering the warehouse").

The theory of Zurich of Illinois's liability in the Complaint rests upon Zurich of Illinois acting as an insurer of the Plan. (Dkt. 1-1 at ¶ 8) (referring to Zurich of Illinois and Zurich American collectively throughout, and stating that "[t]his Complaint is brought to declare and enforce the rights of beneficiaries under an insurance policy issued by Defendant Zurich"). The Complaint does not contain an independent or alternative theory of Zurich of Illinois's liability. As noted above, Zurich of Illinois is not named in the Plan, and cannot be held liable solely by virtue of its corporate relationship to Zurich American. However, in response to the Motion to Dismiss, Plaintiffs attempt to construe their claims against Zurich of Illinois as arising out of the investigation, examination or evaluation of the claim for benefits. (Dkt. 12 at p. 4.)

Regardless of the fact that Zurich of Illinois is not named anywhere in the Plan, Plaintiffs argue that it is plausible at some level that Zurich of Illinois was involved in the Plan and will be liable if Zurich of Illinois failed to properly investigate, evaluate and adjust the claim for benefits. To the extent that Plaintiffs have attempted to state a claim against Zurich of Illinois for failure to fairly investigate and reasonably evaluate Plaintiffs' claim for benefits (dkt. 1-1 at ¶ 41), Plaintiffs have failed to state a plausible claim for relief, because there are no factual allegations supporting Zurich of Illinois's involvement in the administration of the Plan or the denial of the claim for benefits.

- 5 -

1  Plaintiffs refer the Court to letters sent from Zurich American to Plaintiff Thomas
2 Thomson regarding the denial of the claim for benefits as evidence of Zurich of Illinois's
3 involvement. (*See* dkt. 1-1 at Ex. 1–2, 4, 8.)  Plaintiffs do not contend that Zurich of
4 Illinois's name appears in the correspondence.  However, Plaintiffs claim these letters give
5 rise to an inference that analysis and decisions on claims were being made by Zurich of
6 Illinois "on behalf of" Zurich American. As evidence of Zurich of Illinois's involvement,
7 Plaintiffs argue that it is plausible that Zurich of Illinois "was involved on some level,"
8 because (1) the letters were sent from Zurich American offices in New York *and* Illinois, and
9 (2) the letters were sent "on behalf of" Zurich American. (Dkt. 12 at pp. 2–3, 5.)  Neither of
10 these arguments supports a plausible claim for relief against Zurich of Illinois, because the
11 inferences Plaintiffs draw are not reasonable.

12  First, Zurich American, a New York corporation, has its principal place of business
13 in Illinois. (Dkt. 1 at ¶ 6.)  Therefore, the Court fails to see how the dispatch of letters from
14 both Illinois and New York addresses leads to a reasonable inference that Zurich of Illinois
15 was involved in the denial of the claim for benefits.  Without more, the Court fails to see how
16 this supports a plausible claim for relief against Zurich of Illinois, who is not otherwise
17 implicated in the Plan or in the correspondence regarding the denial of the claim for benefits.

18  Second, merely because a communication states that it was sent "on behalf of" Zurich
19 American does not necessitate the conclusion that it was sent by Zurich of Illinois on behalf
20 of Zurich American.  In fact, a close reading of the April 23, 2010 and May 7, 2010 letters
21 indicates that the "we" in "[w]e are responding on behalf of Zurich American Insurance
22 Corporation" likely refers to the ERISA Appeals Committee. (Dkt. 1-1, Ex. 1 & 2.)  The
23 Court fails to see how these "ambiguities" implicate Zurich of Illinois in a manner that
24 supports a plausible claim for relief.

25  It appears that Plaintiffs have mistakenly named Zurich of Illinois as a Co-Defendant
26 in the Complaint, and are now attempting to create a factual basis for Zurich of Illinois's
27 involvement in this action.  Even Plaintiffs' response couches Zurich of Illinois's alleged
28 involvement in speculative terms. (*E.g.*, Dkt. 12 at pp. 4 & 5) ("Plaintiffs remain concerned

that employees of Zurich of Illinois may have investigated" and "Zurich of Illinois was involved on some level"). The Complaint is simply lacking factual allegations to tie Zurich of Illinois to the Plan or to the denial of the claim for benefits.

## IV.     CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs have failed to state a claim against Zurich of Illinois upon which relief can be granted. Dismissal of Zurich of Illinois from this action is appropriate, because Zurich of Illinois has no connection to the Plan, and the Complaint fails to allege any facts indicating that Zurich of Illinois was involved in the denial of the claim for benefits.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Defendant Zurich American Insurance Company of Illinois (dkt. 8) is **GRANTED**. The Clerk of the Court shall dismiss Defendant Zurich American Insurance Company of Illinois from this action with prejudice.

DATED this 2nd day of September, 2011.

James A. Teilborg
United States District Judge