**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Taylor, on behalf of the Estate of Steven Thomson; Thomas Thomson, an individual; and Kayci Thomson, an individual,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Zurich American Insurance Company,<br><br>　　　　　Defendant. | No. CV 11-8110-PCT-JAT<br><br>**ORDER** |

The complaint in this case arises from the denial of a claim for accidental death benefits filed by Plaintiffs following the death Steven Thomson (hereafter "Decedent"). Plaintiffs filed this complaint in state court, pleading only state law claims including: bad faith, breach of contract, negligent misrepresentation, and unjust enrichment. (Doc. 1-1 at 3-13). Defendant removed alleging that the insurance plan in this case is part of an ERISA[1] plan. Pending before the Court is Defendant's motion for summary judgment seeking to have this Court: 1) determine that the insurance plan in this case is covered by ERISA and, accordingly, 2) dismiss all of Plaintiff's state law claims because they are preempted by ERISA.

---

[1] Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 10001-1461.

## I. Factual Background

Decedent worked for an affiliated entity of YRC Worldwide Inc. and was a participant in the YRC Health and Welfare Plan. (Doc. 56 at 5). YRC Worldwide Inc. offered a variety of benefits to its employees including medical benefits, prescription drug benefits, dental care benefits, vision care benefits, life insurance benefits, accidental death and dismemberment (AD&D) insurance benefits, group term life insurance benefits, long-term disability benefits, and other benefits for eligible employees. (*Id*. at 2-3). At issue here, the AD&D benefit was provided by purchasing an insurance policy. (*Id.* at 3). It appears that the AD&D policy was a separate insurance policy from all the other policies. (*Id.* at 4-5).

The premiums for the AD&D policy were funded in two categories: hourly eligible employees and salaried eligible employees. (*Id.* at 3-4). For salaried employees, YRC Worldwide Inc. provided "flex dollars" that the employee could choose to use to purchase AD&D benefits. (*Id*.). Decedent, an hourly employee (*Id*. at 5), paid all of his own premiums for the AD&D policy (Doc. 61 at 3), via a biweekly payroll deduction (Doc. 56 at 6). Decedent's employer paid all premiums for his medical, long-term disability, and life insurance benefits. (Doc. 56 at 5).

Decedent died as a result of head trauma suffered while riding a motorcycle in a "Best of the Desert" event. (*Id.* at 6). Thomas Thompson was named primary beneficiary on Decedent's AD&D policy. (*Id*.). Thomas Thompson applied for the AD&D benefits ($300,000). (*Id*. at 5, 6). Zurich denied the claim. (*Id*. at 6).

## II. Applicability of ERISA

### A. Determining ERISA Status

As discussed above, the issue before the Court in the currently pending summary judgment motion is whether Decedent's AD&D policy is covered by ERISA. Preliminarily, the Court notes that the Ninth Circuit Court of Appeals has stated that whether a plan is governed by ERISA is a question of fact, *see e.g. Stuart v. Unum Life Ins. Co. of Am.*, 217 F.3d 1145, 1149 (9th Cir. 2000), which would not usually be resolved on summary judgment.

- 2 -

However, a district court in Nevada explained:

> The existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the perspective of a reasonable person. *Stuart v. UNUM Life Ins. Co. Of Am.*, 217 F.3d 1145, 1149 (9th Cir.2000). The Ninth Circuit has determined that in some cases, ERISA status for employee benefit plans can be made as a matter of law. *See Id.; Crull v. Gem Ins. Co.*, 58 F.3d 1386 (9th Cir.1995); *Pacificare Inc. v. Martin*, 34 F.3d 834 (9th Cir.1994); *Qualls v. Blue Cross of California*, Inc., 22 F.3d 839 (9th Cir.1994). Accordingly, determination of ERISA status is appropriate at summary judgment.

*Williamson v. Life Ins. Co. of North Am.*, 2012 WL 3262857, *2 (D. Nev. Aug. 8, 2012).

In this case, there are no disputed issues of fact. Instead, the parties dispute whether the undisputed facts establish that the AD&D plan is covered by ERISA. Thus, like the Nevada court, this Court concludes that determining ERISA status is appropriate at summary judgment.[2]

**B.   Law Governing ERISA Status**

"To determine whether an insurance plan is an ERISA plan, a district court considers 29 U.S.C. § 1002(1), which defines an employee welfare benefit plan, and 29 C.F.R. § 2510.3–1(j), which clarifies the meaning of 'establishing and maintaining' such a plan." *Meadows v. Emp'rs Health Ins.*, 826 F.Supp. 1225, 1228 (D. Ariz. 1993). An "employee welfare benefit plan" is:

> [A]ny plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... benefits in the event of ... accident, [or] death....

29 U.S.C. § 1002(1); ERISA applies broadly to employee benefit plans that are established or maintained by an employer as defined in 29 U.S.C. § 1002(1). The Ninth Circuit has found that an employer can establish an ERISA plan if it does no more than arrange for a group type insurance program. *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir.1989).

However, there is a regulatory exemption, known as the "safe harbor" provision, that exempts pure, third party insurance programs from ERISA-coverage. Under the safe harbor, "employee welfare benefit plans" do not include group or group-type insurance programs offered by an insurer to employees or members of an employee organization, under which:

---

[2] When there is no genuine issue of disputed fact, summary judgment is appropriate. *Walker v. Hoffman*, 583 F.2d 1073, 1075 (9th Cir. 1978).

- 3 -

> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program....
>
> 29 C.F.R. § 2510.3–1(j). This regulation is construed narrowly and failure to meet any one of these conditions removes the protection of the safe harbor and subjects the insurance plan to ERISA. *Stuart v. UNUM Life Ins. Co. of America*, 217 F.3d 1145, 1153 (9th Cir. 2000).

*Williamson*, 2012 WL 3262857, *2-3.

Initially, Defendant has the burden of establishing that an ERISA plan exists. *See Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1120 n. 2 (9th Cir. 1998). If Defendant meet this burden, Plaintiff must show that the insurance should be exempted from ERISA coverage because the four safe harbor criteria are met. *See Weber v. Hartford Life & Acc. Ins. Co.*, 2008 WL 3932014, *7 (D. Ariz. August 25, 2008).

**C.    Analysis**

In this case, Defendant's main argument is that an ERISA plan must be construed as a whole and that taking Decedent's elections together,[3] Decedent's entire benefits package was governed by ERISA. Plaintiffs respond and treat the AD&D policy individually to determine if it qualifies for the safe harbor. Defendant replies, and while disputing Plaintiffs' argument, argues alternatively that even if the Court considers the AD&D policy individually, it still does not fall within the safe harbor and is, therefore, an ERISA plan.

---

[3] Decedent had medical, prescription drug, dental, vision, 60% of pay long-term disability, AD&D and basic life insurance at the time of his death. (Doc. 56 at 5). As discussed above, except for the AD&D, the employer paid the premiums for these benefits. (*Id.*).

- 4 -

In *Alloco v. Met. Life Ins. Co.*, 256 F.Supp.2d. 1023 (D. Ariz. 2003), another Judge in this district analyzed a very similar question: namely when determining whether a plan is subject to ERISA, should the Court view an individual insurance policy separately from the entire benefits plan. The Court summarized the cases as follows:

> [O]ther circuits have specifically held that particular components of an employee benefit plan cannot be "severed" for purposes of determining whether the plan meets the safe harbor requirements. In *Gaylor v. John Hancock Mutual Life Ins. Co.*, 112 F.3d 460 (10th Cir. 1997), the Tenth Circuit considered an analogous case where the plaintiff purchased optional disability coverage without contribution from her employer. However, because the plaintiff had enrolled in an accidental death and dismemberment plan where the employer did contribute, the Court evaluated the "employee welfare benefit plan" as a whole. The Court held that, "[f]or purposes of satisfying the safe harbor provision, [the plaintiff] attempts to sever her optional disability coverage from the rest of the benefits she received through her employer's plan. 'This cannot be done because the [optional] coverage was a feature of the Plan, notwithstanding the fact the cost of such coverage had to be contributed by the employee." ' *Gaylor*, 112 F.3d at 463 (quoting *Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 567 (11th Cir.1994)). The Seventh Circuit has also recently adopted this approach. *See Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 538 (7th Cir. 2000) ("For purposes of determining whether a benefit plan is subject to ERISA, its various aspects ought not be unbundled.").
>
> Without addressing this precise situation, the Ninth Circuit has held that courts should look at an employer's benefit program as a whole to determine if the plan is covered by ERISA. In *Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404 (9th Cir. 1995), the Court considered an employer plan where only one partner was the only employee covered by a particular policy. ERISA does not cover an employer plan where the only beneficiary is a partner in a partnership, but the Court evaluated the employer program, which also covered other employees under separate policies, in its entirety. The Court found the features of one component of the plan "not determinative," concluding that "the [partner's] policy was just one component of [the employer's] employee benefit program and that the program, taken as a whole, constitutes an ERISA plan." *Peterson*, 48 F.3d at 407. The Ninth Circuit's approach therefore is consistent with that of other circuits that evaluate the "employee benefit program ... as a whole." [footnote omitted]

*Alloco*, 256 F.Supp.2d at 1027-28.

Thus, at first glance, it appears that the Court should consider all of Decedent's benefits together to determine ERISA status. However, since *Alloco*, courts have further refined when to treat all benefits together. Specifically, whether all of the insurance plans provided to Decedent should be treated "as a whole" depends on whether the company administered the plans as a single unit. *See Gonzales v. Unum Life Ins. Co.*, 2009 WL

- 5 -

3226519, *5 (S.D. Cal. October 2, 2009) ("Drawing from the Supreme Court's reasoning in *Shaw* [*v. Delta Airlines, Inc.*, 463 U.S. 85 (1983)], other courts considering whether an ERISA multi-benefit plan exists, as in *Peterson* and *Alloco*, have focused closely on whether the program is administered as on single unit."). As the *Gonzales* court recounted:

> For example, in *Mortier v. Mass. Gen. Life Ins. Co.*, 805 F.Supp. 816 (C.D. Cal. 1992) the district court considered whether a cancer insurance policy was part of the employer's general, ERISA-regulated plan. Noting that *Shaw* "was clearly concerned with plans that are administered as a single unit," the district court found that the cancer plan was not a part of the general ERISA plan because it was offered by an entirely different insurer and administered separately. *Id.* at 819.
>
> In *Fisher* [*v. Prudential Ins. Co. of Amer.*, 842 F.Supp. 397 (N.D. Cal. 1993)], the district court similarly focused on whether the alleged multi-benefit plan was administered as a single unit. The policy at issue in *Fisher* was one of three plans offered by the American Institute of Certified Public Accountants. *Id.* at 398. Although only one plan definitively constituted an employee welfare benefit plan under ERISA, the district court held that the Act covered all three plans because together they "demonstrate[d] characteristics of a plan administered as a single unit under *Shaw* ." *Id.* at 401. Specifically, the court noted that all plans in the program were backed by a single trust, had a single trustee and a single insurer, and were overseen by the same administrative and clerical staff. *Id.* The court further relied on the fact that the trust filed only one Internal Revenue Service–Department of Labor Form 5500 ("Form 5500") covering all three plans together. *Id.*

*Gonzales*, 2009 WL 3226519, *5-6.

Turning to the facts in this case, as discussed above, Defendant's primary argument is that the AD&D policy cannot be viewed in isolation. Although Defendant adamantly argues that all components of Decedent's insurance should be taken "as a whole," rather than the AD&D policy being considered individually, Defendant has offered no evidence that all the different policies were administered as a single unit. Indeed, Defendant's discussion of how the AD&D policy was bid and selected suggests that it is a completely separate policy from all the other policies. Doc. 56 at 4. Additionally, it appears that Zurich was the "claims fiduciary" for the AD&D policy only, suggesting it was separately administered from all the other policies. *Id*. at 5. On this record, the Court finds that Defendant failed to establish that all the different policies were administered as a single unit. Thus, Defendant's motion for summary judgment on this theory is denied.

Next, Plaintiff argues that considering the AD&D policy individually, it meets the safe harbor provisions.[4] The first element of the safe harbor provisions requires that no contributions be made by the employer. 29 C.F.R. § 2510.3–1(j). Here, whether the employer made contributions depends on how the "AD&D plan" is defined.

In Defendant's statement of facts, Defendant makes the following two assertions:

> 28. Each month, YRC pays Zurich premiums associated with all YRC employees' AD&D benefit elections, and also each month, YRC's affiliated companies ... are charged the total of all their respective employees' premiums through inter-company allocations. [citation omitted.]
>
> 29. The premiums for the employees' elections of AD&D benefits were paid by a combination of amounts deducted from employees' wages and amounts paid by their respective employers. [citations omitted].

Doc. 57 at 5. Plaintiffs controvert these two statements of facts only by asserting that Decedent paid all of his own premiums for AD&D coverage. Doc. 61-1 at 4. Defendant does not dispute that Decedent paid his own premiums because he was an hourly employee.

Based on these facts, Defendant argues that even if the AD&D plan is viewed alone, because the employer paid some employees' premiums, the AD&D plan cannot fall within the safe harbor requirements. Doc. 62 at 7 (citing *LaPrease v. UNUM Life Ins. Co. of Am.*, 347 F.Supp.2d 944, 950 (W.D. Wash. 2004)). In *LaPrease*, the Court found that the first element of the safe harbor was not meet when the plan documents stated that there was a possibility that some employees' benefits might have been paid for by the employer, even though it was undisputed that the employer did not pay Mr. LaPrease's benefits. 347 F.Supp.2d at 950.

Here, the Court is again faced with defining the "plan" as a "whole." If the Court

---

[4] As the Court in *Weber* discussed, first this Court must determine that the plan is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1), for the plan to be subject to ERISA. 2008 WL 3932014, *6. In this case, Plaintiffs do not dispute that the AD&D plan was established or maintained by the employer sufficiently to initially satisfy ERISA's criteria. *See* 29 U.S.C. § 1002(1). Instead, Plaintiffs argue that because the four safe harbor provisions are met, the AD&D policy is exempted from ERISA treatment.

- 7 -

1  views the AD&D plan as a single plan, then, because the employer paid some employees'
2  policy premiums, it would not fall within the safe harbor.  The following facts bear on
3  whether the AD&D plan is a administered as a single unit.  First, the AD&D plan is through
4  a single insurer, Zurich.  Doc. 57 at 4, ¶¶ 22-24 (Plaintiffs admitted this fact, Doc. 61-1, at
5  4 ¶¶ 22-24).  Second, YRC sent a single monthly payment to Zurich representing all AD&D
6  payments.  Doc. 57 at 5, ¶ 28 (Plaintiffs did not controvert this fact, Doc. 61-1 at 4).  There
7  was a single plan.  Doc. 57 at 5, ¶ 27 (Plaintiffs admitted this fact, Doc. 61-1 at 4, ¶ 27).
8  There was a single claims fiduciary, Zurich.  Doc. 57 at 5, ¶ 27 (Plaintiffs admitted this fact,
9  Doc. 61-1 at 4, ¶ 27).

10  Based on these undisputed facts, the Court finds that the AD&D policy for the hourly
11  and salaried employees is administered as a single unit.  Therefore, the Court will consider
12  the AD&D plan as a whole.  Considering the AD&D plan as a whole, the plan does not meet
13  the four elements for the safe harbor because it fails the first element: specifically, the
14  employer makes some contributions to the plan.[5]  Because the AD&D policy is not within
15  the safe harbor, it is covered by ERISA.

### III. ERISA Based Claims

17  In their motion, Defendant points out that Plaintiffs have pleaded only state law claims
18  in the complaint.  Defendant further points out that the time to move to amend the complaint
19  has expired.  Thus, Defendant concludes that this Court should grant the motion for summary
20  judgment and enter judgment in Defendant's favor without Plaintiffs being allowed to amend
21  the complaint to add any ERISA claims.

---

[5] Because the Court has found that the AD&D plan fails the first element of the safe harbor test, the Court has not reached any of the other elements.  *See Alloco*, 256 F.Supp.2d at 1027 ("...failure to satisfy just one requirement of the safe harbor regulation conclusively demonstrates that an otherwise qualified group insurance plan is an employee welfare benefit plan under ERISA.") (quoting *Stuart v. UNUM Life Ins. Co.*, 217 F.3d 1145, 1151-2 (9th Cir. 2000)).  Thus, the Court has not reached Defendant's argument AD&D policy also fails the third element of the safe harbor test (*see* Doc. 62 at 7-10).

- 8 -

Defendant is correct that Plaintiffs have not timely moved to amend. However, there can be no dispute that Plaintiffs have contended all along that no amendment was necessary because this case was not governed by ERISA. Further, the Court of Appeals has expressed a public policy in favor of resolution of cases on the merits, rather than for a procedural reason. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Finally, this Court cannot say that Plaintiffs have no claims either for benefits under ERISA, or for breach of fiduciary duty under *Cigna Corp. v. Amara*, 131 S.Ct. 1866, 1880-81 (2011). Thus, the Court will allow Plaintiffs 20 days from the date of this Order to move to amend. In so moving, Plaintiffs must first address the fact that their motion is untimely under Rule 16, and second the test for leave to amend under Rule 15. *See TriQuint Semiconductor, Inc. v. Avago Tech. Ltd.*, 2010 WL 3034880, *6-10 (D. Ariz. August 3, 2010). Further Plaintiffs must comply with Local Rule Civil 15.1.

## IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's motion for summary judgment (Doc. 56) is granted to the extent that the Court finds that the insurance policy in this case is subject to ERISA, and accordingly, all state law based claims in the complaint are preempted by ERISA;[6] therefore Defendant is entitled to judgment on all Plaintiffs' state law based claims. However, the Clerk of the Court shall not enter judgment at this time.

///
///
///
///

---

[6] Plaintiff does not dispute that if the policy in this case is covered by ERISA, all of his state law claims are preempted. *See, e.g., Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1133 (9th Cir. 1992) (holding, for example, that Arizona's tort of bad faith is preempted by ERISA).

- 9 -

1   **IT IS FURTHER ORDERED** that Plaintiffs have 20 days from the date of this Order
2 to file a motion to amend the complaint, as specified above.  If Plaintiffs fail to move to
3 amend within 20 days, the Clerk of the Court shall enter judgment for Defendant, Plaintiffs
4 to take nothing.

5   DATED this 18th day of October, 2012.

James A. Teilborg
United States District Judge

- 10 -