1 **WO**

2

3

4

5

6                   **UNITED STATES DISTRICT COURT**

7               **IN AND FOR THE DISTRICT OF ARIZONA**

8

9   Martha Taylor on behalf of the Estate of
    Steven Thomson; Thomas Thomson; and
10  Kayci Thomson,                              Case Number: CV 11-08110-PCT-JAT

11                  Plaintiffs,

12  v.                                          **ORDER**

13  Zurich American Insurance Company; and
    Zurich American Insurance Company of
14  Illinois,

15                  Defendants.

16

17          Pending before the Court is Plaintiffs' Motion for Leave to File First Amended

18  Complaint.  (Doc. 69).  Defendant filed an Opposition to Plaintiffs' Motion for Leave.

19  (Doc. 70).  Plaintiffs filed a Reply.  (Doc. 71).  The Court now rules on the Motion.

20  **I.      Background**

21          On  May  11,  2011,  Martha  Taylor,  as  personal  representative  ("Personal

22  Representative")  on  behalf  of  the  Estate  of  Steven  Thomson  ("Decedent");  Thomas

23  Thomson  (Decedent's  "Son");  and  Kayci  Thomson  (Decedent's  "Daughter"),

24  (collectively,  "Plaintiffs"),  filed  a  complaint  (the  "Complaint")  in  Mohave  County,

25  Arizona Superior Court.  (Doc. 1-1 at 3-4).  In the Complaint, Plaintiffs alleged that on

26  January 9, 2010, Decedent died while participating in a Best of the Desert motorcycle

27

28

1  event near Parker, Arizona.[1]  (*Id.* at 4-5).  The Complaint contained allegations of bad
2  faith denial of insurance benefits, breach of contract, negligent misrepresentation, and
3  unjust enrichment.  (*Id.* at 7-11).  The allegations were related to an Accidental Death
4  Benefit insurance policy (the "Policy"), which Decedent purchased before his death.
5  (*Id.*).

6        At the time of his death, Decedent was employed by YRC Worldwide, Inc.[2]
7  (*Id.* at 5).   Decedent purchased the Policy through YRC Worldwide, Inc., but
8  Defendant Zurich American Insurance Company ("Defendant") issued the Policy.
9  (*Id.*).   Decedent listed his Son as the primary beneficiary of the Policy, and his
10  Daughter as secondary beneficiary.  (Doc. 14 at 2).

11       After Decedent died, his Son applied for payment under the Policy.  (*Id.* at 2).
12  Zurich denied Plaintiffs' claims under the policy.  (*Id.* at 2-3).  Plaintiffs allege that
13  Defendant initially denied the claim based on a policy exclusion for "Corporate
14  Owned or Leased Aircraft"; after Plaintiffs appealed the denial, Defendants withdrew
15  their "aircraft" exclusion denial and denied payment under an "extra-hazardous
16  activity" exclusion.   (*Id.* at 3).   Thereafter, Plaintiffs contend, Defendants again
17  changed position and denied benefits on the basis that Decedent's death was not as an
18  "accident" under the Policy.  (*Id.*).  Therefore, Plaintiffs' right to receive payment on
19  the Policy are the issue in this case.  (*Id.*).

20       On July 8, 2011, Defendant filed a Notice of Removal from Mohave County
21  Superior Court to this Court.  (Doc. 1 at 1).  Defendant alleged that removal was
22  proper based on diversity of citizenship between Plaintiffs and Defendant, and an
23  amount in controversy exceeding $75,000 under 28 U.S.C. § 1332(a)(1).[3]  (*Id.* at 2).
24  Defendant also alleged that removal was proper based on a federal question under 28

---

[1] Despite wearing a helmet, Decedent lost control of his motorcycle and suffered fatal head injuries.  (Doc. 1-1 at 5).
[2] Decedent worked for USF Reddaway, which is a subsidiary of YRC Worldwide, Inc. (Doc. 70 at 11).
[3] The Policy with Zurich was for $300,000.  (Doc. 1-1 at 5).

1   U.S.C. § 1331 because Defendant considered the Policy to be part of an ERISA plan.
2   (*Id.* at 3).  On July 15, 2011, Defendant filed an Answer.  (Doc. 7).

3          Also on July 15, 2011, Defendant filed a Motion to Dismiss Defendant Zurich
4   of Illinois because it was not a proper party.  (Doc. 8).  On September 2, 2011, the
5   Court dismissed Zurich of Illinois with prejudice.  (Doc. 19 at 7).

6          Also on September 2, 2011, this Court entered its Rule 16 Scheduling Order
7   after holding a scheduling conference the day before.  (Doc. 18 at 1).  The Scheduling
8   Order included an October 7, 2011 deadline for amending the Complaint.  (*Id.* at 2).

9          On January 20, 2012, Defendant filed a Motion for Judgment on the Pleadings,
10  arguing that the Policy was issued as part of an ERISA plan.  (Doc. 28 at 1, 7).  On
11  February 3, 2012, Plaintiffs moved to defer consideration of Defendant's Motion for
12  Judgment on the Pleadings.  (Doc. 31).  On February 17, 2012, the Court held a
13  telephonic hearing on Plaintiffs' request for discovery related to the request to defer
14  consideration of the Motion for Judgment on the Pleadings.  (Doc. 39).  During that
15  call, the Court entered its Order denying Defendant's Motion for Judgment on the
16  Pleadings.  (*Id.*)  Also during the call, the Court set a deadline of May 30, 2012 for
17  filing Motion(s) for Summary Judgment as to whether the case was governed by
18  ERISA.  (*Id.*).

19         On May 30, 2012, Defendant filed its Motion for Summary Judgment.  (Doc.
20  56).  On October 18, 2012, the Court granted the Motion, finding that the Policy was
21  governed by ERISA.  (Doc. 67 at 9).  The Court granted Defendant summary
22  judgment as to all of Plaintiffs' state law-based claims, finding those claims were
23  preempted by ERISA.  (*Id.*)  The Court also granted Plaintiffs leave to file a motion to
24  amend their Complaint, if done within twenty days from the date of the October 18,
25  2012 Order.  (*Id.* at 9-10).[4]

26  _____
    [4] The Court said that it granted leave because Plaintiffs contended throughout the case
27  that that no amendment was necessary because they maintained that the case was not
    governed by ERISA, and because the Ninth Circuit Court of Appeals holds that public
28  policy favors resolution on the merits.  (Doc. 67 at 9).  The Court said that Plaintiffs

On November 6, 2012, within the twenty day deadline, Plaintiffs filed their Motion for Leave to File First Amended Complaint and provided a proposed First Amended Complaint ("Amended Complaint").   (Doc. 69, 69-1).   The proposed Amended Complaint again names Decedent's Personal Representative and Daughter as Plaintiffs.   (Doc. 69-1 at 1).   The proposed Amended Complaint adds YRC Worldwide, Inc. and USF Reddaway as new defendants.   (*Id.*).   On November 21, 2012, Defendant filed its Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint.   (Doc. 70).   On November 28, 2012, Plaintiffs filed their Reply in Support of Motion for Leave to File First Amended Complaint.   (Doc. 71).

**I.   Discussion**

Plaintiffs argue that they should be granted leave to amend their Complaint for two reasons.   (Doc. 69 at 2-4).   First, Plaintiffs contend that they have shown "good cause," as required by Rule 16(b) of the Federal Rules of Civil Procedure.   (*Id.* at 3).   Second, Plaintiffs allege that none of the factors under Rule 15(a) for denying leave to amend are present in this case.   (*Id.* at 4).

Defendant opposes the motion for three reasons.   (Doc. 70 at 5-11).   First, Defendant maintains that Plaintiffs have not been diligent and thus, cannot show "good cause" as required by Rule 16(b).   (*Id.* at 5-8).   Second, Defendant argues that Plaintiffs exhibited "unreasonable delay" in moving to amend and, thus, fail to meet the liberal amendment standards of Rule 15(a).   (*Id.* at 8-9).   Third, Defendant contends that the proposed Amended Complaint includes improper claims and parties. (*Id.* at 9-10).

First, the Court will analyze Plaintiffs' Motion for Leave to Amend under Rule 16(b) and Rule 15(a).   Second, the Court will address Defendant's specific opposition to certain claims and parties.

---

may have claims either for benefits under ERISA, or for breach of fiduciary duty under *Cigna Corp. v. Amara*, 131 S.Ct. 1866, 1880-81 (2011).   (*Id.*).

### A.      Leave to Amend Under Rule 16(b) and Rule 15(a)

Generally, Rule 15(a) governs a motion to amend pleadings to add claims or parties. Fed. R. Civ. P. 15(a). However, in this case, Rule 16(b) also applies because Plaintiffs requested leave to amend their Complaint after expiration of the Rule 16 Scheduling Order deadline for doing so. Fed. R. Civ. P. 16(b); (Doc. 18 at 1; Doc. 69). The Ninth Circuit Court of Appeals has said that once a district court files a Rule 16 pretrial scheduling order with a deadline for amending, "a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-08 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D. N.C. 1987) (holding that a party seeking to amend a pleading after the scheduling order date must first show "good cause" for not amending the complaint sooner; and, if there is sufficient "good cause" established, the party next must show that the amendment would be proper under Rule 15)). Additionally, "[i]f [the court] considered only Rule 15(a) without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Thus, the Court first addresses Plaintiff's Motion for Leave to Amend under the "good cause" standard of Rule 16(b), and then, under the liberal amendment standard of Rule 15(a).

### 1.      Rule 16(b)

Plaintiffs argue that this Court should grant them leave to amend the Complaint because they have shown "good cause" as Rule 16(b) requires after expiration of the Scheduling Order deadline. (Doc. 69 at 3). Defendant counters that Plaintiffs cannot establish "good cause" as required by Rule 16(b) because Plaintiffs have not been diligent. (Doc. 70 at 5-8).

Rule 16(b) applies to pretrial conferences and scheduling orders and provides, in pertinent part:

(1) The district judge must issue a scheduling order . . . (1)(B) after consulting with the parties' attorneys . . . at a scheduling conference . . .; (3)(A) the scheduling order must limit the time to . . . amend the pleadings . . .; and, (4) . . .A schedule may be **modified only for good cause and with the judge's consent.**

Fed. R. Civ. P. 16(b)(1), (b)(1)(B), (b)(3)(A), (b)(4) (emphasis added).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Generally, to meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

(1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparent that [the movant] could not comply with the [O]rder.

*Triquint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2010 WL 3034880, 6-7 (citation omitted). The Ninth Circuit Court of Appeals has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609. However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the [Rule 16] inquiry is upon the moving party's reasons for seeking modification . . . . If that party was not diligent, the inquiry should end." *Id.*

Plaintiffs contend that they have shown the diligence required for "good cause" by: (1) assisting the Court in creating a workable Scheduling Order, (2) complying with the Scheduling Order until a reason for amendment arose in October 2012 when this Court ruled that ERISA applies, (3) moving to amend only after the unforeseen dismissal of their state law claims, and (4) moving to amend only after the unforeseen application of ERISA, which precluded their state law claims. (Doc. 69 at 3).

Defendant counters that Plaintiffs seek to amend a year after the Scheduling Order's amendment deadline, but assert claims for relief based on facts known to them before the lawsuit was ever filed.  (Doc. 70 at 5-6).  Defendant argues that Plaintiffs had the burden to amend their Complaint sooner, or to have alleged ERISA claims in addition to their state law claims before this Court ruled that ERISA applied.  (*Id.* at 6).  Defendant supports these arguments by citing to *Johnson*, which states that there is a failure of diligence if a party does not "heed clear and repeated signals that not all the necessary parties had been named."  (*Id.* at 8); 975 F.2d at 609.

Defendant relies on various district court cases which held that those plaintiffs failed to show "good cause" when the plaintiffs relied on one theory without timely pleading a known alternative theory.  (*Id.* at 6-7).  For example, in *Carbajal v. Dorn*, 2010 U.S. Dist. LEXIS 46446 (D. Ariz. 2010), the plaintiffs sought to add multiple new claims,[5] add a new party, add an ERISA claim, and insert new facts that were never before seen in a motion or pleading.  *Id.* at 6-7.  The *Carbajal* court called this a "vast departure" from the previous amended complaint.  *Id.*  It said that throughout the case, the plaintiffs had ignored numerous claims against the previously unnamed party, and had even filed other lawsuits related to that person's conduct; yet, they sought to amend an already amended complaint, in part, to add that party as a defendant.  *Id.* at 8.  The *Carbajal* court found that the plaintiffs delayed adding the defendant and other claims for tactical reasons.  *Id.* at 11.  The court said that this tactic was not the sort of diligence required to show "good cause" under Rule 16(b).  *Id.*.  The court denied the plaintiffs' motion to amend.  *Id.* at 11-12.

Defendant correctly points out that the *Carbajal* court denied the addition of an ERISA claim because the plaintiffs knew of a possible ERISA issue from the time of removal, and thus, could have pleaded an ERISA claim before the Rule 16 scheduled

---

[5] The *Carbajal* plaintiffs sought to add new claims for breach of fiduciary duty, negligence, fraud, constructive fraud, aiding and abetting tortious conduct, reformation and reconstitution, and ERISA.  2010 U.S. Dist. LEXIS 46446  at 6.

1   deadline. *Id.* at 9. Like *Carbajal*, in this case, Plaintiffs move to add an ERISA claim

2   when they knew of a possible ERISA issue from the time of removal. (Doc. 69-1 at

3   46). However, unlike *Carbajal*, this case does not also involve the addition of a

4   mandatory, well-known, and unnamed party; numerous new claims; numerous new

5   facts; and amendment of an already amended complaint. *Id.* at 6-8. Thus, *Carbajal* is

6   not persuasive because it involved much more than the single amended claim sought

7   here—and sought only after a ruling of this Court that precluded *all* of Plaintiffs'

8   previously pleaded claims.

9       Finally, Defendant contends that Plaintiffs failed to heed numerous indications

10  that ERISA may apply. (Doc. 70 at 8). However, even Defendant acknowledges that

11  these indications all involved Zurich's assertions on its own behalf that ERISA

12  applies. (*Id*). The Court finds that it was not a failure of diligence that Plaintiffs did

13  not concede Defendant's assertions that ERISA applied.

14      Plaintiffs have not been careless. When Plaintiffs' state law claims and their

15  position on the case became precluded, Plaintiffs sought to amend within days. The

16  Court finds that this is not the "carelessness" referred to in *Johnson*. 975 F.2d at 609.

17      Plaintiffs provide a persuasive reason for not amending sooner. As discussed

18  *supra*, *Johnson* instructs that the Rule 16 analysis focuses on the moving party's

19  reason for seeking modification. *Id.* Plaintiffs persuasively assert that they did not

20  add an ERISA claim sooner because they did not believe ERISA applied. (Doc. 71 at

21  2). Plaintiffs maintained this position after removal. (*Id.*) Plaintiffs also persuasively

22  contend that if they had added an ERISA claim sooner, Defendants would have used

23  the addition to argue that Plaintiffs acquiesced to the application of ERISA. (*Id.*).

24      Finally, at the time of the October 7, 2011 deadline for amending the

25  Complaint, and for several months thereafter, nothing was pending that made this an

26  ERISA case. In September 2011, this Court granted Defendant's motion dismissing

27  Zurich of Illinois. (Doc. 8 at 2; Doc. 19 at 4). On October 7, 2011, the deadline for

28  amending the Complaint expired. (Doc. 18 at 2). Over three months later, Defendant

1    filed its Motion for Judgment on the Pleadings, Plaintiffs responded with a Motion to

2    Defer Consideration, and the Court denied Defendant's Motion.  (Doc. 28; Doc. 31;

3    Doc. 39).  At the same time that it denied Defendant's Motion for Judgment on the

4    Pleadings, the Court set a deadline for Defendant to file a motion for summary

5    judgment as to whether the case was governed by ERISA.  (Doc. 39).  On the day of

6    that deadline, May 30, 2012, Defendants filed their Motion for Summary Judgment

7    related to ERISA.  (Doc. 56).  Therefore, at the time the deadline to amend the

8    Complaint expired in October 2011, and for most of seven months thereafter, nothing

9    was pending to make this an ERISA case.

10        There is no evidence that Plaintiffs failed to assist with creating a workable

11   Rule 16 Scheduling Order, or failed to comply with its deadlines, before the Court

12   ruled in October 2012 that ERISA controls.  Only after that October 2012 ruling were

13   Plaintiffs state law claims, and thus their position on the case from the beginning,

14   precluded.  Therefore, the Court finds that Plaintiffs have not been careless and have

15   provided persuasive reasons for not amending before the October 2012 ruling.

16        Accordingly, the Court finds that Plaintiffs have shown sufficient diligence to

17   support the Rule 16(b) "good cause" standard for amending the Complaint after

18   expiration of the Scheduling Order deadline.

19                    **2.    Rule 15(a)**

20        The Court next addresses Plaintiffs' Motion for Leave to Amend under the

21   liberal amendment standard of Rule 15(a).

22        Although the decision whether to grant or deny a motion to amend is within the

23   trial court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely given

24   when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S.

25   178, 182 (1962).  "'[A] court must be guided by the underlying purpose of Rule 15—

26   to facilitate decision on the merits rather than on the pleadings or technicalities.'"

27   *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted).

28   "Generally, this determination should be performed with all inferences in favor of

granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).   Rule 15(a) provides in pertinent part:

> (1) A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . .  (2) . . . a party may amend its pleading only with the opposing party's written consent **or the court's leave.  The court should freely give leave when justice so requires.**

Fed. R. Civ. P. Rule 15(a)(1)-(2) (emphasis added).

The liberal policy in favor of amendments, however, is subject to limitations. Whether to grant a motion to amend depends on five factors:  (1) bad faith, (2) prejudice to the opposing party, (3) futility, (4) undue delay, and (5) whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

The first and second factors are "bad faith," and "prejudice to the opposing party." *Id.* at 204.   Under *Johnson*, the focus of Rule 15(a) is on the bad faith of the party seeking to amend, and upon the prejudice to the opposing party.  975 F.2d at 609.   The burden for showing prejudice or bad faith is on the party who opposes amendment. *DCD Programs,* 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").  In its Opposition to Plaintiffs' Motion, Defendant makes no argument to meet its burden that Plaintiffs moved to amend in bad faith or that Defendant would be prejudiced by the amendment.  (Doc. 70 at 8-9).  The Court finds that there is no "bad faith" or "prejudice."

The third factor is "futility" of the amendment. *Johnson*, 951 F.2d at 204. Regarding futility, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see also Miller v. Rykoff-*

1  *Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be

2  denied if it appears to be futile or legally insufficient" (citation omitted)). "As a

3  general rule, '[d]ismissal without leave to amend is improper unless it is clear, upon de

4  novo review, that the complaint could not be saved by any amendment.'" *Sonoma*

5  *Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 2013 U.S. App. LEXIS 3856, 18 (9th

6  Cir. 2013) (citing *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir.

7  1991)). If the complaint can be amended to state a claim that will survive a motion to

8  dismiss, denial of leave to amend on the ground of futility is improper. *Id.* To survive

9  a motion to dismiss, a complaint—or an amended complaint—must make a plausible

10 claim from which the inference can be drawn that the defendant is liable for the

11 misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

12     In this case, it is undisputed that Decedent obtained an Accidental Death Policy

13 issued by Defendant, Plaintiffs sought payment under the Policy, and Defendant

14 denied that requested payment. (Doc. 7 at 3). Plaintiffs seek to add an ERISA

15 claim—and additional defendants related to the administration of the ERISA plan—

16 because Defendant argued successfully the Policy is governed by an ERISA plan.

17 (Doc. 69-1 at 3, 14-16; Doc. 56 at 8). A plausible inference from those undisputed

18 facts is that Defendant improperly denied payment. Therefore, the Court finds that

19 there is no "futility."

20     The fourth factor under the 15(a) analysis is "undue delay." *Johnson*, 951 F.2d

21 at 204. Undue delay is a relevant factor, but it is not dispositive. *AmerisourceBergen*

22 *Corp. v. Dialysist West, Inc.*, 2004 U.S. Dist. Lexis 29551, 8 (D. Ariz. 2004). In

23 *AmerisourceBergen*, the court held that undue delay occurs when a party seeks to

24 plead new facts (well known to it from the beginning), after a fifteen month delay and

25 without explanation for not pleading them sooner, when those new facts create

26 prejudice by contradicting established facts. *Id.* The Ninth Circuit Court of Appeals

27 reviewed *AmerisourceBergen* and found the lower court's reasons sufficient for

28 denying leave to amend. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d

1    946, 952 (9th Cir. 2006).

2          Similarly, in this case, Defendant alleges that Plaintiffs should be denied leave

3    to amend for undue delay.  Unlike *AmerisourceBergen*, Plaintiffs in this case do not

4    seek to plead new or contradictory facts.  U.S. Dist. Lexis 29551 at 8.  Also unlike

5    *AmerisourceBergen*, Plaintiffs have a persuasive explanation for why they did not

6    plead the ERISA claim sooner i.e., that had they done so, Defendant would have

7    argued that Plaintiffs acquiesced to ERISA's application.  The Court finds that there is

8    no "undue delay."

9          The fifth factor is previous amendment.  Plaintiffs in this case have not

10   previously amended their Complaint.

11         Accordingly, the Court finds that Plaintiffs should be given leave to amend

12   because there is no bad faith, prejudice, futility, undue delay, or previous amendment.

13   For these reasons, the Court finds that Plaintiffs have met the "good cause" standard of

14   Rule 16(b) and the liberal amendment standard of Rule 15(a).  Therefore, the Court

15   grants Plaintiffs' Motion for Leave to File First Amended Complaint.

16         **B.    Claims and Parties Reasserted or Added to the Amended Complaint**

17         Having determined Plaintiffs may amend to add ERISA claims, the Court will

18   consider whether their proposed Amended Complaint should be permitted in full.  As

19   discussed above, Defendant argues that even if this Court allows amendment, certain

20   claims and parties should nonetheless not be added.  (Doc. 70 at 9-10).

21         As recounted above, "Rule 15's policy of favoring amendments to pleadings

22   should be applied with 'extreme liberality.'"  *Eldridge v. Block*, 832 F.2d 1132, 1135

23   (9th Cir. 1987) (citations omitted).  "This liberality . . . is not dependent on whether

24   the amendment will add causes of action or parties."  *DCD Programs, Ltd. v.*

25   *Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

26         Defendant argues that the proposed Amended Complaint improperly includes

27   certain claims and parties for three reasons.  (Doc. 70 at 9-11).  First, Defendant argues

28   that Plaintiffs have improperly reasserted their state law claims in the Amended

12

1    Complaint.   (*Id.* at 9-10).   Second Defendant argues that Decedent's Personal
2    Representative and Daughter are improper parties in the Amended Complaint because
3    they lack standing.  (*Id.* at 10-11).  Third, Defendant contends that USF Reddaway and
4    YRC Worldwide, Inc. are improper defendants for an ERISA claim.  (*Id.* at 11).  The
5    Court addresses each of these arguments in turn.

6                    **1.    Repleading State Law Claims**

7              In *Lacey v. Maricopa County*, the Ninth Circuit Court of Appeals addressed
8    criticism against it for what it called the "*Forsyth Rule*."  693 F.3d 896, 925 (9th Cir.
9    2012) (en banc).  The *Forsyth* rule stated, "[i]t is the law of this circuit that a plaintiff
10   waives all claims alleged in a dismissed complaint which are not realleged in an
11   amended complaint."  *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997).
12   The *Lacey* court said, "[O]n reflection, we do not believe that the *Forsyth* rule is
13   prudent or sufficiently justified, and we agree that it is formalistic and harsh."  *Id.* at
14   927.   "We therefore join our sister circuits and overrule in part the rule found in
15   *Forsyth* and other cases 'that a plaintiff waives all claims alleged in a dismissed
16   complaint which are not realleged in an amended complaint.'"  *Id.* at 928 (citing
17   *Forsyth*, 114 F.3d at 1474).  "For claims dismissed with prejudice and without leave to
18   amend, *we will not require* that they be repled in a subsequent amended complaint to
19   preserve them for appeal."   *Id.* at 928 (emphasis added).   "But for any claims
20   voluntarily dismissed, we will consider those claims to be waived if not repled."  *Id.*

21             Plaintiffs' state law claims were *involuntarily* dismissed by this Court's grant of
22   Defendant's Motion for Summary Judgment.  (Doc. 67 at 9).  Defendant incorrectly
23   articulates the new rule in *Lacey* by saying that "an amended complaint *should not*
24   include claims that have been dismissed with prejudice."  (Doc. 70 at 10 (emphasis
25   added)).  The Ninth Circuit Court of Appeals stated instead, "we will not *require* that
26   they be repled."  *Lacey*, 693 F.3d at 928.  Defendant further argues from *Lacey* that
27   restating claims in an amended complaint is unfair to defendants who have been
28   dismissed.  (Doc. 70 at 10).  This argument is not persuasive because there are no

                                               13

1    defendants who were dismissed by this Court's grant of Defendant's Motion for

2    Summary Judgment.  (Doc. 67 at 9-10).

3          Therefore, the Court finds that Plaintiffs did nothing improper when they repled

4    the state law claims that this Court dismissed.

5                    **2.      Personal Representative and Daughter as Plaintiffs**

6          Plaintiffs' Proposed First Amended Complaint retains Plaintiffs Martha Taylor

7    and Kayci Thomson, who are Decedent's Personal Representative and Daughter,

8    respectively.  (Doc. 69-1 at 3).  Plaintiffs state that the Personal Representative and

9    Daughter were retained in the Amended Complaint to preserve their state law claims

10   on appeal.  (Doc. 71 at 2).  Defendant alleges that this is improper because Decedent's

11   Personal Representative and Daughter lack standing.  (Doc. 70 at 10-11).  Defendant

12   says they lack standing because neither is a "participant" within the meaning of the

13   ERISA statutes, specifically 29 U.S.C. 1132(a)(1).[6]  As discussed above, the *Lacey*

14   court held that a plaintiff is *not required* to restate in an amended complaint any claims

15   that were involuntarily dismissed to preserve those claims on appeal.  *Lacey*, 693 F.3d

16   at 928.  Accordingly, the Court finds that Plaintiffs have done nothing improper by

17   including Ms. Thomson and Ms. Taylor as parties in the proposed Amended

18   Complaint.  Thus, the Court will not deny leave to amend as to these Plaintiffs.

19                    **3.      Defendants USF Reddaway and YRC Worldwide Inc.**

20         Plaintiffs added as Defendants in the proposed Amended Complaint defendants

21   USF Reddaway and YRC Worldwide, Inc.[7]  (Doc. 69-1 at 3).  Defendant argues that

22   Decedent's employer is not a proper ERISA defendant under 29 U.S.C. § 1132(d)(1)

23   because only the ERISA "plan" can be sued.  (Doc. 70 at 11); *Golden v. Hubbell Inc.*,

24   343 F. App'x 226, 227-28 (9th Cir. 2009).  Plaintiffs counter that USF Reddaway and

25   YRC Worldwide, Inc. are proper defendants because recently the Ninth Circuit Court

26   [6] 29 U.S.C. § 1132(a)(1) provides that a claim in a civil action under ERISA can be

27   brought by a participant or a beneficiary.

     [7] Again, Decedent worked for USF Reddaway, a subsidiary of YRC Worldwide, Inc.

28   (Doc. 70 at 11).

                                           14

of Appeals held that ERISA claim defendants should not be limited to the "plan" and the "plan administrator."  (Doc. 71 at 2-3); *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir 2011) (en banc).  The *Cyr* court reconsidered its precedent as to which parties may be sued under ERISA.  642 F.3d at 1203.  The court reasoned that because the United States Supreme Court did not limit appropriate defendants under another section of ERISA (§ 1132(a)(3)),[8] the *Cyr* court likewise saw no reason to place such a limit under section § 1132(a)(1)(B).[9]  Under *Cyr*, the "plan" is not the only proper defendant.

Thus, the Court finds that Plaintiffs did not improperly name USF Reddaway and YRC Worldwide, Inc. in their proposed Amended Complaint.

**III.     Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 69) is granted.  Plaintiffs shall file the Amended Complaint within seven days of the date of this Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[8] 29 U.S.C. § 1132(a)(3) provides that a civil action under ERISA can be brought by a "participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan."

[9] 29 U.S.C. § 1132(a)(1) provides, "(a) Persons empowered to bring a civil action.  A civil action may be brought—(1) by a participant or beneficiary—(A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

1       **IT IS FURTHER ORDERED** extending the discovery deadline to July 8,

2   2013 and the dispositive motion deadline to July 29, 2013.  Due to the age of this case,

3   there will be NO FURTHER EXTENSIONS of these deadlines.

4       Dated this 1st day of April, 2013.

                                James A. Teilborg
                             Senior United States District Judge

16