Edward P. Moriarity (028066)
Bradley L. Booke (010559)
MORIARITY BADARUDDIN & BOOKE
736 South Third Street West
Missoula, MT 59801
(406) 728-6868
(406) 728-7722 Fax
e-mail: ed.moriarity@mbblawfirm.com
    brad.booke@mbblawfirm.com

Douglas D. Sutherland (#14275)
THE SUTHERLAND LAW FIRM
722 East Beale Street
Kingman, AZ  86401
(928) 753-6000
(928) 753-2200
e-mail: sutherlandlaw@npgcable.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| MARTHA TAYLOR, on behalf of the ESTATE of STEVEN THOMSON; THOMAS THOMSON, an individual; and KAYCI THOMSON, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY; ZURICH AMERICAN INSURANCE COMPANY OF ILLINIOS; YRC WORLDWIDE, INC., a Delaware Corporation; USF Reddaway, an Oregon Corporation; JOHN DOES I-V; ABC CORPORATIONS XI-XV, and XYZ PARTNERSHIPS XVI-XXII,<br><br>Defendants. | Case No. 3:11-cv-08110-JAT<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs, through counsel, for their First Amended Complaint, allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Martha Taylor, on behalf of the Estate of Steven Thomson, is an individual who resides in Lake Havasu City, Mohave County, Arizona, and has been appointed the Personal Representative of decedent Steven Thomson's estate.

2. Plaintiff, Thomas Thomson, is the son of decedent Steven Thomson and resides in Lake Havasu City, Arizona.

3. Plaintiff, Kayci Thomson, is the daughter of decedent Steven Thomson and resides in Oxnard, California.

4. Defendants Zurich American Insurance Company, domiciled in New York, and Zurich American Insurance Company of Illinois, domiciled in Illinois (hereinafter collectively "Zurich"), are licensed and authorized by the Arizona Department of Insurance to sell insurance products in the State of Arizona (Plaintiffs acknowledge that the Court has previously dismissed Zurich American Insurance Company, but name them as a defendant in the First Amended Complaint to preserve their record on appeal and to give notice that none of their claims have been waived by the filing of this First Amended Complaint).

5. Defendants Zurich caused damages that manifested in Mohave County, Arizona and within this judicial district; therefore, this Court is the proper venue.

6. Defendants Zurich are the plan administrator(s) for the insurance contract at issue. Upon information and belief, Defendants Zurich or their employees, agents, and or representatives, are the claims fiduciary and/or an additional plan administrator and/or plan sponsor for the plan. If Defendants Zurich are not the plan administrator in name, they are functionally the plan administrator.

7. YRC Worldwide, Inc. is a Delaware Corporation. YRC Worldwide, Inc., acting through its subsidiary, USF Reddaway, employed Steven Thomson within the state of Arizona before his death. YRC Worldwide, Inc. is the plan administrator and plan sponsor for the ERISA plan in which Steven Thomson was a participant.

8. USF Reddaway is an Oregon corporation that does business in Arizona.

9. The fictitious Defendants, JOHN DOES I-V, ABC CORPORATIONS XI-XV and XYZ PARTNERSHIPS XVI-XXII, are believed to be individuals and/or entities who are who have caused or contributed to events that underlie this lawsuit. The true names of such defendants are unknown at this time and Plaintiffs will, upon ascertaining the true names of said defendants, seek leave of Court to amend this Complaint.

10. Jurisdiction is vested in this court under 28 USC § 1331 because the action arises under 29 USC §1132 (e)(1).

11. Venue is proper in this court under 28 USC 1391(b)(2) and (c)(2).

**FACTS COMMON TO ALL CAUSES OF ACTION**

12. Plaintiffs incorporate herein by reference as though fully set forth herein all allegations contained in the previous paragraphs.

13. This action is brought *inter alia* to declare and enforce the rights of beneficiaries to all recovery to which they may be entitled under the insurance policy issued by Defendants Zurich, as a matter of contract law, tort law, and pursuant to 29 USC § 1132(a)(1)(B).

14. Prior to his death, Steven Thomson was a resident of Lake Havasu City, Mohave County, Arizona.

15. On or about January 9, 2010, Steven was participating in a Best of the Desert motorcycle event held near Parker, Arizona, called the "Silver State 300."

16. The Best of the Desert is a series of off-road motorcycle events that attract a broad range of participants. At the January 9, 2010, event in which Steven participated, the riders ranged in age from 12 to 92.

17. Steven was participating with his son, Thomas Thomson.

18. About an hour into the event, while riding a part of the course that had previously been traveled by hundreds of riders, Steven lost control of his motorcycle, and, despite wearing a helmet, he suffered a fatal head injury.

19. At the time of his death, Steven was employed by YRC Worldwide, Inc. and/or USF Reddaway in Mohave County, Arizona.

20. Through Defendants and YRC, Steven had purchased an Accidental Death Benefit insurance policy issued and underwritten by Defendants Zurich, Policy Number GTU 0030578. (*See* Exhibit 1)

21. Steven's decision to purchase an Accidental Death Benefit was voluntary, as he and all other employees had the option to refuse the Accidental Death Benefit policy.

22. Steven paid all of the premiums for his Accidental Death Benefit through payroll deductions collected by his employer.

23. Steven's employer Defendants YRC did not contribute to the premiums paid for Steven's Accidental Death Benefit policy.

24. Defendants Zurich's Accidental Death Benefit is an insurance contract to which Defendants are a party.

25. Thomas Thomson and Kayci Thomson, Steven's children, are designated beneficiaries of the Accidental Death Benefit policy.

26. Steven Thomson fully and timely performed all of his obligations under the insurance contract, making Steven Thomson an "insured" as defined by the insurance contract and entitling Steven's named beneficiaries, the Plaintiffs, to the accidental death benefits as provided by the contract.

27. Steven elected $300,000 in Accidental Death Benefit, based on Defendants Zurich's and Defendants YRC's representations, and with the understanding, that accidental death benefits would be paid in the event Steven was accidentally killed in activities in which he commonly participated.

28. In electing to purchase $300,000 in coverage, Steven relied upon Defendants Zurich's and Defendants YRC's representations that accidental death benefits would be paid if he died while participating in his ordinary activities.

29. Following Steven's accidental death, his son and beneficiary, Thomas Thomson, ~~wrote~~ made application to Defendants Zurich for payment of the accidental death benefit.

30. On April 23, 2010, Zurich sent Thomas a claim denial letter. Zurich denied payment based on an identified section of the Policy that excluded coverage for air travel and

aircraft hazard limitations. (*See* Exhibit 2)

31. The Exclusion cited by the defendant was and is clearly inapplicable, was relied upon in bad faith, was asserted for the purpose of delay, and was a part of a pattern to avoid payments of benefits.

32. On May 7, 2010, Zurich mailed a copy of the policy for Stephen Thompson with the policy form number U-VA-100-A (KS) to Thomas Thompson after being requested by Martha Taylor.

33. On June 10, 2010, Thomas, by then represented by counsel, wrote to Zurich appealing the denial. Thomas's counsel advised Defendant Zurich of its misinterpretation and misapplication of the air travel exclusion to a motorcycle accident. (*See* Exhibit 3)

34. Three and a half months—111 days later—on September 28, 2010, Zurich responded with yet another denial, but withdrawing its original denial, and asserting a new exclusion as a basis for denial, an "extra-hazardous activity" exclusion. (*See* Exhibit 4)

35. The term "extra-hazardous activity" is not defined in Zurich's insurance contract.

36. In its second denial letter, Zurich cited two inapplicable and non-binding Wisconsin state and federal court opinions that adjudicated whether exculpatory agreements, one signed by a professional motorcycle racer and the other a race crew staff, were enforceable. These unrelated opinions were submitted in an attempt to assert that Steven's motorcycle use constituted an "extra-hazardous activity."

37. Neither case cited in Zurich's second denial letter used the terms "extra-hazardous" or "ultra-hazardous;" neither provided any definition of these terms; and neither related these terms to motorcycle riding.

38. Instead, the cases cited are "assumption of the risk" cases that only determined whether event participants accepted the risks of their respective activities and consequently whether corresponding exculpatory agreements were valid.

39. On November 29, 2010, Thomas' counsel faxed and simultaneously mailed yet another appeal letter to Zurich, pursuant to the terms of the insurance contact. (*See* Exhibit 5)

40. This second appeal identified and addressed the legal defects in Zurich's reliance

1  upon Wisconsin law and again demanded that Zurich pay the full benefits due to the
2  beneficiaries named by Steven Thomson.

3      41.   On January 5, 2011, Thomas Thomson's counsel received an email from a legal
4  representative of Zurich stating that Zurich had sixty days from receipt to respond to Thomson's
5  second appeal letter. (*See* Exhibit 6)

6      42.   Sixty days from November 29, 2010, fell on January 28, 2011. Following this
7  date, on February 1, 2011, Thomas Thomson's counsel emailed Zurich's legal representative
8  inquiring about a determination on the second appeal. (*See* Exhibit 7)

9      43.   In a letter dated February 14, 2011, Zurich produced a policy with a different
10 policy reference number: "U-VA-102-A (KS) to Plaintiffs' Counsel.

11     44.   On March 2, 2011, Plaintiffs finally received correspondence, dated February 28,
12 2011, regarding the second appeal, but with, yet again, a new and different alleged basis for
13 denial of payments: that Mr. Thomson's death was not an accident (*See* Exhibit 8).

14     45.   Zurich's denial of benefits due the beneficiaries of the Accidental Death Benefit
15 designated by Steven Thomas was and is arbitrary and capricious, was and is without a legal
16 and/or factual basis, and was and is a part of a pattern to avoid payment of benefits that are due
17 and payable.

18     46.   Zurich's position as the administrator of the Accidental Death Benefit with
19 benefit eligibility powers creates a conflict of interest, in that there is a financial incentive for
20 Zurich to withhold disbursements from funds pooled via premium payments for the Accidental
21 Death Benefit.

22     47.   At no time did Zurich American ask for an extension to respond, nor provide
23 good reason for an extension of time during the appeals process.

24     48.   Plaintiff has proceeded with two administrative appeals with Zurich to date,
25 resulting thrice in the rejection of coverage. Based upon the history of this case, further internal
26 appeals would be futile.

27     49.   Zurich has repeatedly failed to meet the timeline contained in 29 CFR §2560.503-
28 1 *et seq.*, the regulations setting forth proper response times for appeals.

50. Plaintiff waited more than 60 days to file a complaint in court as required by the policy.

51. As a result of the denial of the acts and omissions by Defendants, Plaintiffs have had to retain counsel to receive payment due to them under the insurance contract, thus substantially reducing the benefit due to Plaintiffs under the insurance contract.

52. For the foregoing reasons, Plaintiffs have exhausted their administrative remedies under ERISA.

**FIRST CLAIM FOR RELIEF**

**BAD FAITH INSURANCE PRACTICE**

53. Plaintiffs repeat and re-allege the allegations contained in all paragraphs above, the same as if set forth herein in full. (Plaintiffs acknowledge that the Court has previously ruled that this action is controlled by ERISA, but they assert the following cause of action to preserve their record on appeal and to give notice that none of their claims have been waived by the filing of this First Amended Complaint.)

54. By virtue of being licensed to issue insurance in the state of Arizona, Defendants Zurich, and Defendant ABC Corporations, Doe individuals, and XYZ Partnerships, are required by Arizona Revised Statutes § 20-441, et seq., to act fairly and promptly in investigating and evaluating insurance claims and to promptly pay all claims when liability for such claims becomes clear.

55. These Arizona statutes were enacted to protect persons such as Plaintiffs, to assure that citizens would be fairly treated by insurance companies, and to prevent insurance companies, such as Defendants, from using their superior economic size, knowledge of the law, and procedural loopholes to take unfair advantage of citizens.

56. By their conduct as described above, in failing to promptly and fairly investigate, and reasonably evaluate the Plaintiffs' entitlement to benefits under the Policy, and in failing and refusing to pay Plaintiffs' Accidental Death Benefit, although Defendant's liability for that claim is clear, Defendants have violated their statutory responsibilities.

57. Defendants' conduct, as described above, constitutes unfair and bad faith insurance practices.

58. As the direct and proximate result of Defendants' failure and refusal to pay Plaintiffs' claim, Plaintiffs have suffered damages including, without limitation, the following:

    a. The Plaintiffs have been forced to endure emotional pain and suffering caused by Defendants' bad faith attempts to diminish and devalue the extent of their loss;

    b. The Plaintiffs have not been compensated for the general and special damages to which they are entitled;

    c. The Plaintiffs have lost the use and benefit of insurance proceeds to which they were and are entitled;

    d. The Plaintiffs have lost the earnings that would have been realized from the timely payment of insurance proceeds to which they were and are entitled;

    e. The Plaintiffs have been required to hire counsel and to incur attorney's fees in order to prosecute this action, which will substantially reduce the benefit of the insurance proceeds to which they were and are entitled; and

    f. The Plaintiffs have been required and will be forced to incur significant litigation costs in order to prosecute this action, which will substantially reduce the benefit of the insurance proceeds to which they were and are entitled.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT

59. Plaintiffs repeat and re-allege the allegations of all paragraphs above, the same as if set forth herein in full (Plaintiffs acknowledge that the Court has previously ruled that this action is controlled by ERISA, but assert the following cause of action to preserve their record on appeal and to give notice that none of their claims have been waived by the filing of this First Amended Complaint).

60. Defendant Zurich's Accidental Death Benefit is part of an insurance contract to which Defendants are a party.

61. Steven Thomson fully and timely performed all of his obligations under the

insurance contract, causing Steven Thomson to be insured under the contract and entitling Steven's named beneficiaries, the Plaintiffs, to the accidental death benefits as provided by the contract.

62. By the acts and omissions as described above, Defendants have failed to perform as required by the insurance contract and have defaulted under and breached the contract.

63. As the direct and foreseeable result of Defendants' breach of the insurance contract, Plaintiffs have been damaged in several ways including, without limitation, the following:

    a. The Plaintiffs have been forced to endure emotional pain and suffering caused by Defendants' bad faith attempts to diminish and devalue the extent of their loss;

    b. The Plaintiffs have not been compensated for the general and special damages to which they are entitled;

    c. The Plaintiffs have lost the use and benefit of insurance proceeds to which they were and are entitled;

    d. The Plaintiffs have lost the earnings that would have been realized from the timely payment of insurance proceeds to which they were and are entitled;

    e. The Plaintiffs have been required to hire counsel and to incur attorney's fees in order to prosecute this action, which will substantially reduce the benefit of the insurance proceeds to which they were and are entitled; and

    f. The Plaintiffs have been required and will be forced to incur significant litigation costs in order to prosecute this action, which will substantially reduce the benefit of the insurance proceeds to which they were and are entitled.

### THIRD CLAIM FOR RELIEF
### NEGLIGENT MISREPRESENTATION

64. Plaintiffs repeat and re-allege the allegations of all paragraphs above, the same as if set forth herein in full (Plaintiffs acknowledge that the Court has previously ruled that this action is controlled by ERISA, but assert the following cause of action to preserve their record

on appeal and to give notice that none of their claims have been waived by the filing of this First Amended Complaint).

65. At all times relevant hereto, Defendants owed a duty to Steven Thomson to make fair, truthful, accurate and complete representations about the nature and extent of coverage provided and excluded by the insurance policy they sold to Steven Thomson.

66. Defendants made representations to Steven Thomas related to material facts regarding coverage afforded by the Accidental Death Benefit.

67. The representations and omissions were false or so substantially misleading as to be false, when the representations were made.

68. Defendants made the misrepresentations and omissions for their own financial gain.

69. Defendant made false and misleading representations and/or omissions concerning material facts, expecting and knowing that Steven Thomson would rely on them.

70. Defendant made false and misleading representations and/or omissions for the purpose of inducing Steven Thomson to rely upon them in making a purchase decision, and Steven Thomson did, in fact, rely upon them.

71. Steven Thomas was unaware of the falsity and misleading nature of Defendant's representations and/or omissions concerning material facts.

72. As a direct and proximate result of these false and misleading representations and/or omissions, the beneficiaries of Steven Thomson's Accidental Death Benefit, the Plaintiffs, have been injured in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**UNJUST ENRICHMENT**

73. Plaintiffs repeat and re-allege the allegations of all paragraphs above, the same as if set forth herein in full (Plaintiffs acknowledge that the Court has previously ruled that this action is controlled by ERISA, but assert the following cause of action to preserve their record on appeal and to give notice that none of their claims have been waived by the filing of this First Amended Complaint).

74. Defendants are unjustly enriched by having accepted premium payments for Steven Thomson's Accidental Death Benefit, and having earned income from the use of those premiums, both of which conferred a substantial benefit on Defendants without paying benefits as required by contract and law.

75. There is no reason why Defendants should be rewarded and be unjustly enriched for their unconscionable, unethical, immoral, and unlawful conduct, and in taking advantage of Steven Thomson and the Plaintiffs.

76. As a result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
## IMMEDIATE DECLARATORY RELIEF

77. Plaintiffs repeat and re-allege the allegations of all paragraphs above, the same as if set forth herein in full (Plaintiffs acknowledge that the Court has previously ruled that this action is controlled by ERISA, but assert the following cause of action to preserve their record on appeal and to give notice that none of their claims have been waived by the filing of this First Amended Complaint).

78. The Plaintiffs are the intended beneficiaries of the Accidental Death Benefit purchased from Defendants.

79. Under A.R.S. §12-1831, et seq., as intended beneficiaries of the insurance contract, Plaintiffs are entitled to have a court of record declare their rights, status and legal relations with respect to the Accidental Death Benefit of $300,000.

80. All conditions precedent to Defendants' duty to pay under the Accidental Death Benefit have been satisfied, Defendants have a present legal duty to pay the Accidental Death Benefit of $300,000 to the insured Plaintiffs, and this matter is ripe for a determination as to their right to receive death benefits.

81. The Plaintiffs are entitled to declaratory judgment to settle and afford relief from the uncertainty with respect to their rights, status, and other legal relations as delineated in the Accidental Death Benefit purchased from the Defendant.

**SIXTH CLAIM FOR RELIEF**

**PUNITIVE AND EXEMPLARY DAMAGES**

82. Plaintiffs repeat and re-allege the allegations of all paragraphs above, the same as if set forth herein in full (Plaintiffs acknowledge that the Court has previously ruled that this action is controlled by ERISA, but assert the following cause of action to preserve their record on appeal and to give notice that none of their claims have been waived by the filing of this First Amended Complaint).

83. Defendants' acts and omissions, as described above, were motivated and conducted with actual malice. Defendants had knowledge of facts, or intentionally disregarded facts, that created a high probability of injury to the Plaintiffs and deliberately proceeded to act in conscious or intentional disregard of the substantial risk of significant harm to the Plaintiffs and/or deliberately proceeded to act with indifference to the high probability of injury to the Plaintiffs by denying Plaintiffs' right to payment under the Accidental Death Benefit.

84. Defendants committed other acts that demonstrate actual malice.

85. Defendants' acts proximately caused injury and damage to the Plaintiffs.

86. The acts and omissions of Defendants are such that exemplary damages should be awarded to make an example of these Defendants, and to deter these Defendants and others from future similar misconduct.

**SEVENTH CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT-ALL DEFENDANTS**

87. Plaintiffs repeat and re allege all paragraphs above as if fully set forth herein.

88. Based on the foregoing paragraphs, Plaintiffs have exhausted their administrative remedies.  Further:

a) Zurich failed to timely respond to Plaintiffs' administrative appeals, and

b) Zurich administered the plan in violation of regulations governing ERISA plans, and in a fashion that has required the Plaintiffs to appeal more than two times.  This is contrary to 29 CFR §2560.503-1 (d) referencing 29 CFR §2560.503-1(c)(2) because, if this action were not commenced, another internal appeal would have been necessary.

c)   Zurich failed to establish and follow reasonable claims procedures in this instance, by changing the section of the policy cited as reasoning for denial with each appeal/denial.

89.   Defendants' denial of claims has deprived the Plaintiffs of the benefits due under the insurance contract.

90.   Fed. R. Civ. P. 57 allows for this Court to issue Declaratory Judgments. Plaintiffs are entitled to a declaratory judgment stating that Plaintiffs are beneficiaries under the insurance contract for the full contract amount.

**EIGHTH CLAIM FOR RELIEF**

**ENFORCEMENT OF POLICY PROVISIONS UNDER 29 U.S.C. § 1132(a)(1)(B)-**

**ALL DEFENDANTS**

91.   Plaintiffs repeat and re allege all paragraphs above as if fully set forth herein.

92.   Plaintiffs bring this action to recover benefits payable under the insurance contract pursuant to ERISA as set forth at 29 U.S.C. § 1132(a)(1)(B), more commonly known as ERISA § 502(a)(1)(B).

93.   Plaintiffs have exhausted their administrative remedies.

94.   As a result of the Defendants' failure to pay proceeds due under the terms of the insurance contract, Plaintiffs have been deprived of the benefit of the contract.

95.   Plaintiffs seek payment of the $300,000 benefit owed to them under this insurance contract.

**NINTH CLAIM FOR RELIEF**

**ENFORCEMENT OF POLICY PROVISIONS UNDER 29 U.S.C. § 1132(a)(3)(B)(2)-**

**ALL DEFENDANTS**

96.   Plaintiffs repeat and re allege all paragraphs above as if fully set forth herein.

97.   Plaintiffs bring this action to recover benefits payable under the insurance contract pursuant to ERISA as set forth at 29 U.S.C. § 1132(a)(3)(B)(2), more commonly known as ERISA § 502(a)(3)(B)(2).

98.   Plaintiffs have exhausted their administrative remedies.

99. As a result of the Defendants' failure to pay proceeds due under the terms of the insurance contract, Plaintiffs have been deprived of the benefit of the contract.

100. Plaintiffs seek payment of the $300,000 benefit owed to them under this insurance contract.

## TENTH CLAIM FOR RELIEF

## ATTORNEY'S FEES AND COSTS-ALL DEFENDANTS

101. Plaintiffs repeat and re allege all paragraphs above as if fully set forth herein.

102. Pursuant to 29 U.S.C. § 1132(g)(1) Plaintiffs are entitled to, and hereby seek, their reasonable and necessary attorney's fees incurred in the prosecution of this matter. Accordingly, Plaintiffs hereby sue Defendants for their reasonable and necessary attorney's fees to make the Plaintiffs whole.

WHEREFORE, Plaintiffs respectfully pray that the Court enter an order:

A. Declaring that the Accidental Death Benefit sold by Defendants provides coverage for the Plaintiffs;

B. Declaring that Defendants have a legal duty and obligation to pay the $300,000 limits of the Accidental Death Benefit to the Plaintiffs;

C. Awarding Plaintiffs $300,000 benefits as they are entitled to under the insurance contract; such general and special damages to which they prove themselves entitled at the trial of this case;

D. Awarding Plaintiffs their attorney's fees and costs incurred in prosecuting this action to make the Plaintiffs whole as if they would not have had to hire Counsel to prosecute this action;

E. Awarding Plaintiffs pre-judgment and post judgment interest as permitted by ERISA and to the maximum extent allowed by law; and

G. For such other and further relief as the Court deems proper under the circumstances.

. . . . .

. . . . .

Dated this 2nd day of April 2013.

        /s/ Bradley L. Booke
_____
Bradley L. Booke (#10559)
Moriarity Badaruddin & Booke
736 South Third Street West
Missoula, MT 59801
(406) 728-6868
(406) 728-7722

Douglas D. Sutherland (014275)
THE SUTHERLAND LAW FIRM
722 East Beale Street
Kingman, AZ  86401
(928) 753-6000
(928) 753-2200
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April 2013, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Fling to the following CM/ECF registrants:

Philip A. Overcash
KUTAK ROCK, LLP
8601 North Scottsdale Rd. Suite 300
Scottsdale, AZ 85253-2742

/s/ Bradley L. Booke